524 A.2d 516

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Nicholas KARABIN.**

Superior Court of Pennsylvania.

Argued July 10, 1986.

Filed April 14, 1987.

See also, 292 Pa.Super. 374, 437 A.2d 431.

Ernest D. Preate, Jr., District Attorney, Scranton, for Com., appellant.

Todd J. O'Malley and George V. Lynett, Scranton, for appellee.

Before CIRILLO, President Judge, and CAVANAUGH and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the sentencing court's order reducing appellee's sentence from a penalty of death to one of life imprisonment. The Commonwealth contends that the lower court erred in setting aside the death penalty because the jury properly determined that the aggravating circumstances outweighed any mitigating circumstances. We disagree and, accordingly, affirm the lower court's order.

On August 8, 1979, appellee, Nicholas Karabin was found guilty by a jury of various crimes including murder of the first degree in connection with the death of Mr. Clarence Doolittle. The day after the guilty verdict was handed down, the trial court conducted a sentencing hearing before the jury pursuant to 42 Pa.C.S.A. § 9711(a)(1). At that hearing, the Commonwealth introduced the following evidence of aggravating circumstances: that the defendant was already serving a life sentence in connection with his conviction for the first degree murder of Gerald Walsh, and that the defendant had been convicted of aggravated assault for the shooting of Robert Christiano. After deliberation, the jury sentenced the defendant to death. The jury's verdict slip read as follows:

We, the jury, unanimously sentence the defendant to death. . . .

We, the jury, have found unanimously one or more aggravating circumstances which outweigh any mitigating circumstances. The aggravating circumstances are, *one*, a history of felonies, *two*, already serving a life sentence.

On July 19, 1983, the trial court set aside the penalty of death, and imposed a sentence of life imprisonment. We quote the lower court at length because it best expressed its reasoning and the circumstances surrounding the imposition of its sentence.

[W]e have the very disturbing situation of the introduction of the "conviction" for aggravated assault, amplified by the indictment as involving the shooting in the neck of one Robert Christiano. The clerk of Court testified from a certified copy of the docket entry that on January 17, 1979, the defendant in open court pled guilty; and on March 27, 1979, was sentenced to undergo imprisonment for not more than ten, nor less than five years. There was no objection to this testimony and no cross-examination concerning it.

This is extraordinary and almost incredible, when one examines what actually occurred as evidenced by the complete docket entries. Karabin did, in fact, plead guilty on January 17, 1979, and was sentenced on March 27, 1979; yet on the same day he was sentenced, a petition for allowance to withdraw his guilty plea and substitute a plea of not guilty was filed. On April 9, 1979, the Commonwealth answered the petition and on April 25, 1979, the trial court denied the petition. This denial was appealed to the Superior Court on May 16, 1979. All of these events transpired before the instant trial and all were obviously within knowledge of the defendant's trial counsel and the prosecuting attorney. However, not one word of this is mentioned before a jury, which is about to deliberate on whether to sentence the defendant to death or life imprisonment. We hasten to add that the trial Judge who, of course, was not the one who had presided over the guilty plea on the aggravated

assault charge, was totally unaware of the true nature of the proceeding.

It should also be noted that subsequent to this trial, the Superior Court on November 20, 1981, vacated the order of the Court of Common Pleas of Dauphin County, which had denied the defendant's petition to withdraw his guilty plea, and remanded the case for a hearing on said motion. On December 30, 1981, the Court of Common Pleas approved Karabin's motion to withdraw his guilty plea. A trial was held March 22, 1982, and resulted in a deadlock jury. An appeal is currently pending before the Superior Court of Pennsylvania.

Can it be said, therefore, that as of August 8, 1979, the defendant had been "convicted" of aggravated assault? The prosecutor in asking for the death penalty, so argued:

> He has shot another man in the neck seriously wounding him. On two separate dates, March 17, 1978 and April 6, 1978, he was tried on the first charge of murder in December and convicted, was in Lackawanna County Jail on a life sentence facing a life sentence when this murder of Clifford Doolittle took place. He was also facing the charge on Mr. Christiano and on the 17th of January, he pled guilty to that charge. He was awaiting sentence and you heard what Judge Calwell handed down, life plus five to ten years consecutive. There is a man in prison in February of 1979 on a life sentence hanging over his head and potentially more years there.

The trial Judge charged on this evidence:

> He has two prior convictions involving violence, one death and the other aggravated assault, a shooting in the neck.

The Sentencing Code (42 Pa.C.S.A. § 9711(h)) provides that in reviewing the death sentence, the Supreme Court is to consider whether the evidence supports the finding of an aggravated circumstance. We think this duty also falls upon the lower court. It may well be that the jury

> would have sentenced Karabin to death on the basis of his prior murder conviction, since he was already serving a life sentence and such a finding would have been fully warranted and entirely proper. However, there is no way for this court at this time to invade the deliberative process of the jury and determine what weight the jury gave the testimony of the Christiano shooting. The prosecuting attorney should have brought to the trial court's attention the full circumstances surrounding the defendant's guilty plea and the subsequent efforts to withdraw it, and certainly defense counsel should have strenuously objected and at least cross-examined Mr. Hoffman as to the other relevant docket entries.

Lower Court Opinion at 21–22. At oral argument in this appeal, it was learned that appellee was subsequently convicted on March 17, 1986 of aggravated assault in connection with the shooting of Christiano. Motions for new trial and arrest of judgment are pending.

The Commonwealth contends that the lower court erred in setting aside the death penalty. We disagree. Our Supreme Court first addressed whether a reviewing court must vacate a death sentence when an aggravating circumstance lacks support and should not have been considered by the jury in *Commonwealth v. Morales*, 508 Pa. 51, 494 A.2d 367 (1985). There the Court stated in dicta that the improper presentation of an aggravating circumstance to the jury *may* be sufficient grounds for vacating a death penalty. *Id.*, 508 Pa. at 69, 494 A.2d at 376. The Court, however, did not have to decide this issue for two reasons. First, the Court concluded that the aggravating circumstance that the appellant had challenged was properly presented to the jury. *Id.*, 508 Pa. at 68, 494 A.2d at 376. Second, the jury found two aggravating circumstances and no mitigating circumstances. *Id.*, 508 Pa. at 58–59, 494 A.2d at 371. Under the Pennsylvania Sentencing Code, 42 Pa.C.S.A. §§ 9701–9781, the jury is required to return a sentence of death if it finds "at least one aggravating circumstance ... and no mitigating circumstances." *Id.*

§ 9711(c)(1)(iv).  Thus, even if one of the aggravating circumstances presented to the jury had been improper, the jury was required to impose the death penalty and the reviewing court was powerless to vacate it.

In *Commonwealth v. Holcomb,* 508 Pa. 425, 498 A.2d 833 (1985) (plurality), *cert. denied,* — U.S. —, 106 S.Ct. 1804, 90 L.Ed.2d 349 (1986), this issue was again before our Supreme Court.  There, the jury found that three aggravating circumstances outweighed any mitigating circumstances.  *Id.,* 508 Pa. at 474, 498 A.2d at 858 (NIX, C.J., concurring and dissenting).  Although the plurality determined that the aggravating circumstances were supported by the evidence, it proceeded, in dictum, to state the consequences of an appellate determination that one or more of the aggravating circumstances were invalid.  508 Pa. at 458–59, 498 A.2d at 850.

First, the plurality cited the relevant part of the sentencing code, which provides that the Supreme Court shall affirm the death sentence unless:

the evidence fails to support the finding of an aggravating circumstance specified in subsection (d).

*Id.,* 508 Pa. at 458, 498 A.2d at 850 (quoting 42 Pa.C.S.A. § 9711(h)(3)(ii)).  The plurality went on to state that

[a]lthough the statute could be read as allowing the sentence to stand, if there is at least one valid aggravating circumstance, despite presentation of an improper aggravating circumstance, we hold that if the prosecution presents to the jury an aggravating circumstance that is not supported by sufficient evidence, the sentence must be vacated.

*Id.*  The plurality reasoned that when an improper aggravating circumstance is presented to the jury, it is impossible for a reviewing court to tell from the record how the jury would have decided absent the improperly presented circumstance.  *Id.,* 508 Pa. at 459, 498 A.2d at 850.  A majority of our Supreme Court adopted this view in *Commonwealth v. Aulisio,* — Pa. —, —, 522 A.2d 1075, 1080 (1987), and held that a reviewing court must vacate a death sentence

when an aggravating circumstance is not supported by the evidence and the jury specifically found some mitigating circumstances.*

Here, the jury found that two aggravating circumstances outweighed any mitigating circumstances. The aggravating circumstances it cited were (1) that appellant was already serving a life sentence, see 42 Pa.C.S.A. § 9711(d)(10), and (2) a history of felonies, see id. § 9711(d)(9). The prior felonies that the Commonwealth introduced at the sentencing hearing included the conviction for which appellant was serving a life sentence and the conviction for the aggravated assault of Christiano. At the time appellant was sentenced in the instant case, however, he had moved to withdraw his guilty plea to the aggravated assault charge. This motion was ultimately granted. Thus, his conviction for aggravated assault was effectively overturned. It is true that appellant was later tried and convicted on the same charge of aggravated assault. This conviction, however, occurred after sentencing in the instant case and cannot support an aggravating circumstance in determining this sentence. Here, the lower court, which was the reviewing court, determined that the aggravated assault conviction should not have been considered by the jury as an aggravating circumstance because appellant had subsequently withdrawn his guilty plea to that charge. Lower Court Opinion at 21–22. Although the jury was properly presented with the other aggravating circumstance, that appellant was serving a life sentence at the time of the commission of this offense, we have no way of determining whether the jury would have found that the one proper aggravating circumstance outweighed any mitigating circumstances. Thus, we hold that the lower court was correct in vacating the death penalty and imposing a sentence of life imprisonment, and, accordingly, affirm the lower court's order.

Order affirmed.

* The same standard would apply when, as here, the trial court is the reviewing court.