550 A.2d 785

**COMMONWEALTH of Pennsylvania**

v.

**Christopher CALDWELL, Appellant.**

**No. 35 W.D. Appeal Dkt. 1986.**

Supreme Court of Pennsylvania.

Nov. 30, 1988.

## ORDER ON APPLICATION FOR REARGUMENT

PER CURIAM.

AND NOW, to wit, this 30th day of November, 1988, the Commonwealth's Application for Reargument is denied.

STOUT, J., did not participate in the consideration or decision of this Application for Reargument.

NIX, C.J., filed a concurring statement in which FLAHERTY, J., joined.

PAPADAKOS, J., filed a concurring statement.

LARSEN, J., dissents and would grant the Commonwealth's Application for Reargument.

McDERMOTT, J., dissents.

NIX, Chief Justice concurring.

I am constrained to write to explain my joinder in the order of the Court entered in this case in light of the views expressed by Mr. Justice Papadakos.

While I agree that our decision in *Commonwealth v. Appel*, 517 Pa. 529, 539 A.2d 780 (1988), interpreting Section 9711(d)(5) of the Sentencing Code, 42 Pa.C.S. § 9711(d)(5), which was filed after the filing of the opinion of this Court in this appeal, would produce a different result as to the validity of the jury's finding of the aggravating circumstance provided in the above cited section of the Sentencing Code, I do not believe that there is a need to grant reargument at this point. The deficiency of *Caldwell* in this context has been called to the attention of the Bar and rectified by the later opinion filed by this Court in *Commonwealth v. Appel, supra.* Therefore, there is no reason to believe that the challenged statement in *Caldwell* would provide a basis for future confusion on this issue.

More importantly, the ultimate result reached in *Caldwell* could not now be changed. Even if the Court in *Caldwell* had fully perceived the teaching of *Appel* and sustained the aggravating circumstance in the appeal of that case, we would have still been required to vacate the sentence of death.

The jury found mitigating circumstances of an unspecified nature and two aggravating circumstances. Where

the jury finds a mitigating circumstance, it is called upon to engage in a balancing process to determine whether the aggravating circumstances outweighed the mitigating circumstances found by it to have existed. This Court has also held that, under the language of the Sentencing Code, Section 9711(a) requires that the penalty be fixed by the same jury which determined guilt. *Commonwealth v. Williams*, 514 Pa. 62, 522 A.2d 1058 (1987). Therefore, even if we had found initially in this appeal that the aggravating circumstance of intending to kill a potential witness was properly found, we would still be faced with the dilemma that the jury's exercise of discretion was based on the fact of the existence of two, rather than one, valid aggravating circumstances. The "same jury" would have been discharged and no longer available for a reevaluation based on the single aggravating factor. Thus, a vacation of the sentence of death would have been required even if we had then sustained one of the asserted aggravating circumstances. *Commonwealth v. Aulisio*, 514 Pa. 84, 522 A.2d 1075 (1987).

Since that was the result reached and the necessary clarification of the language used in *Caldwell* has been achieved through our subsequent opinion in *Appel*, it would serve no further purpose to grant the request for reargument.

FLAHERTY, J., joins in this concurring statement.

PAPADAKOS, Justice, concurring.

A majority of the members of this Court determined that two of the four aggravating circumstances found by the jury cannot be sustained; namely, that the victim was a prosecution witness to a murder or other felony committed by Appellant and was killed for the purpose of preventing his testimony in a grand jury or other criminal proceeding, and that the killings were committed by means of torture. 42 Pa.C.S. § 9711(d)(5) and (8).

I believe the majority was in error on both counts and I would, normally, join in a grant of reconsideration. With

respect to aggravating circumstance No. 5, Caldwell explained that both victims were purposely killed to prevent their identifying him and his co-defendants. Both victims knew Caldwell who had done odd jobs for them in the past. In his statement to the police, Caldwell said, "I told him he had to go ahead and knock them off, like he said, he said he wasn't. So I said, you know. But they can identify me so I'm in a spot, and so I done it and we left." See page four, taped statement of Chris Caldwell. Other references in the statement show that Caldwell went armed to the house with the express intent of robbing and killing the victims.

Caldwell's statement to the police clearly establishes the "animus upon which this particular aggravating circumstance rests." "It is the full formed intent prior to the event to kill a potential witness...." *Commonwealth v. Appel,* 517 Pa. 529, 539 A.2d 780, footnote 2, p. 784, opinion by Mr. Chief Justice Nix, see my concurring opinion, p. 785.

Furthermore, there is absolutely no doubt in any mind that Caldwell killed his victims by means of torture and the finding by the jury of aggravating circumstance No. 8 should be sustained. Unfortunately, the charge to the jury was inadequate on the question of torture and, thus, no useful purpose would be served in granting reconsideration. The penalty would still remain at life imprisonment.

I, therefore, reluctantly concur in the denial of the Application for Reargument.